Slip Op. 11-85

# UNITED STATES COURT OF INTERNATIONAL TRADE

---------------------------------------------------------x
                                                    :

OCEAN DUKE CORPORATION,         :

        Plaintiff,                         :

        v.                                  :    **Before: Judith M. Barzilay, Senior Judge**

                                          :    **Court No. 11-00140**

UNITED STATES,                     :

        Defendant.                    :

---------------------------------------------------------x

## OPINION & ORDER

[The court declines to grant defendant's motion to dismiss for lack of subject matter jurisdiction, instead dismissing plaintiff's action for failure to state a claim for redressable relief, and denies plaintiff's motion for summary judgment as moot.]

Dated: July 18, 2011

Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP (*Frances P. Hadfield*, *Robert B. Silverman*, and *Peter W. Klestadt*), for Plaintiff.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director; *Patricia M. McCarthy*, Assistant Director; *Stephen C. Tosini*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; Of Counsel, *Chi S. Choy*, Senior Attorney, Office of Assistant Chief Counsel, U.S. Customs & Border Protection, and Edward F. Kenny, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, for Defendant.

BARZILAY, Senior Judge: The present dispute between Plaintiff Ocean Duke Corporation ("Ocean Duke") and Defendant United States concerns five continuous entry bonds subject to enhanced bond requirements that U.S. Customs & Border Protection ("Customs") once imposed on certain importers. The salient question before the court asks whether the relevant

statute of limitations prevents judicial review. Defendant contends that the two year period for Ocean Duke to bring an action has passed and, as a result, 28 U.S.C. § 2636(i) deprives the court of subject matter jurisdiction or otherwise bars suit.[1] Def.'s Mot. to Dismiss 9-14. Plaintiff counters by pointing to Customs's recent denial of the company's request to release and replace the subject bonds as the moment the claim accrued. Pl.'s Opp'n 9-16. Because Plaintiff offers an unavailing distinction and fails to demonstrate that it timely filed suit, the court finds that the statute of limitations alone bars suit and, accordingly, dismisses the case for Plaintiff's failure to state a claim for which the court may grant relief pursuant to Rule 12(b)(5).

## I. Background

In July 2004, Customs amended the guidelines, later clarified and supplemented by subsequent agency pronouncements, under which port directors set continuous entry bond requirements for importers of shrimp subject to antidumping or countervailing duties. Admin. R. 1-9. These altered rules, known as the "enhanced bond requirements," significantly increased the

---

[1] In the final pages of its motion to dismiss, Defendant offers a jeremiad to rebuke the Court's previous decisions on the legality of the enhanced bond requirements and to discredit the Court's view that it has the authority to review Customs's bond determinations. Def.'s Mot. to Dismiss 15-18. In so doing, Defendant raises many of the same contentions that the Court previously found unpersuasive in several well-reasoned holdings. *Compare* Def.'s Mot. to Dismiss 15-18, *with Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, Slip Op. 10-137, 2010 WL 5139443 (CIT Dec. 17, 2010), *appeal voluntarily dismissed*, 2011 U.S. App. LEXIS 4433 (Fed. Cir. Feb. 4, 2011); *Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, 34 CIT ___, 751 F. Supp. 2d 1318 (2010); *Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, 34 CIT ___, 714 F. Supp. 2d 1231 (2010); *Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, Slip Op. 09-104, 2009 WL 3053727 (CIT Sept. 25, 2009); *Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, 33 CIT ___, 637 F. Supp. 2d 1270 (2009); *Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, 30 CIT 1838, 465 F. Supp. 2d 1300 (2006). The court need not revisit these questions or address Defendant's unhelpful arguments, since the statute of limitations bars Plaintiff's suit.

minimum bond amounts due from shrimp importers. Admin. R. 1-9. At that time, Customs stated that it would require enhanced bonding for entries made subject to new antidumping duty orders. Admin. R. 6.

In February 2005, the U.S. Department of Commerce ("Commerce") issued new antidumping duty orders covering shrimp from six countries. *See, e.g.*, *Certain Frozen Warmwater Shrimp From the People's Republic of China*, 70 Fed. Reg. 5,149 (Dep't of Commerce Feb. 1, 2005) (final investigation determination). As an importer and distributor of seafood products, including shrimp, Ocean Duke had grown accustomed to posting import bonds for such goods in amounts calculated under the old rules. Lin Aff. ¶¶ 5-6. Following the entry of the new antidumping duty orders on shrimp, however, Customs pronounced the amount of Ocean Duke's continuous entry bonds insufficient in view of the enhanced bond requirements and advised Plaintiff that it should post new bonds that comport with the amended rules. Compl. ¶ 37; Lin Aff. ¶ 7. As a result, Ocean Duke obtained five separate continuous entry bonds between 2005 and 2008 in amounts that conformed to the enhanced bond requirements, the last of which took effect on February 5, 2008. Compl. ¶¶ 38-39; Murphy Aff. Ex. 1 at 1-5.

In August 2009, the Court found that Customs acted arbitrarily and contrary to law in several respects when it promulgated the enhanced bond requirements and applied them only to importers entering shrimp subject to antidumping duty orders.[2] *Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, 33 CIT ___, ___, 637 F. Supp. 2d 1270, 1285-1300 (2009)

---

[2] Notably, to comply with an adverse ruling from the World Trade Organization's Dispute Settlement Body, Customs prospectively ended the application of the enhanced bonding requirements to this class of importers in April 2009. *See Enhanced Bonding Requirement for Certain Shrimp Importers*, 74 Fed. Reg. 14,809, 14,810 (CBP Apr. 1, 2009).

("*Nat'l Fisheries Inst. II*"). Ultimately, the Court enjoined the continued application of these rules. *Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, 34 CIT ___, ___, 751 F. Supp. 2d 1318, 1322-26 (2010).

Prior to the Court's decision in *Nat'l Fisheries Inst. II*, Plaintiff submitted two separate requests asking Customs to cancel one of the subject continuous entry bonds and to replace it with a superseding bond with a limit of liability calculated in accordance with the preliminary injunction issued in *Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, 30 CIT 1838, 465 F. Supp. 2d 1300 (2006) ("*Nat'l Fisheries Inst. I*"). Admin. R. 74-88. The agency rejected both requests. Admin. R. 89. Invigorated by the Court's decision in *Nat'l Fisheries Inst. II*, Ocean Duke intensified its efforts, submitting four additional requests between September 2009 and April 2011. Admin. R. 102-05, 108-37. In the latter petitions, Plaintiff asked Customs to undo all five bonds in dispute. Admin. R. 102-05, 108-37. Customs denied these demands, rejecting the sixth and final request on April 18, 2011.[3] Compl. ¶ 4. Plaintiff followed with this suit on May 11, 2011. *See generally* Compl.

## II. Subject Matter Jurisdiction & Standard of Review

The court exercises subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1581(i)(4).[4] *See Nat'l Fisheries Inst. II*, 33 CIT at ___, 637 F. Supp. 2d at 1281; *Nat'l*

---

[3] Customs has yet to decide finally whether to apply the holdings in the *Nat'l Fisheries Inst.* cases to shrimp importers who did not participate as a party in that litigation. Admin. R. 138-39.

[4] Defendant avers that the applicable statute of limitations in § 2636(i) amounts to a jurisdictional prerequisite that prevents the Court from asserting subject matter jurisdiction over Plaintiff's suit. Def.'s Mot. to Dismiss 8-9. A dearth of clarity in the holdings of relevant Supreme Court and Federal Circuit precedents prevents the court from adopting Defendant's

*Fisheries Inst. I*, 30 CIT at 1847, 465 F. Supp. 2d at 1309.  In deciding a motion to dismiss based on Rule 12(b)(5), the court takes all factual allegations as true and construes all reasonable inferences in favor of the plaintiff.  *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 n.13 (Fed. Cir. 1993); *accord Sioux Honey Ass'n v. United States*, 34 CIT ___, ___, 722 F. Supp. 2d 1342, 1349-50 (2010).  Yet, the plaintiff bears the burden of pleading and proving the requisite

---

statement of the law on this topic.  *Compare Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1243 (2010) (noting that term "jurisdictional" applies "only to 'prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)' implicating that authority" (citation omitted)); *id.* at 1244, 1247 (outlining differences between "true jurisdictional conditions" and "nonjurisdictional limitations on causes of action" and specifically defining latter category as provisions that do not "clearly state" that scope counts as jurisdictional, that lack "a clear jurisdictional label," that do not sit in "jurisdiction-granting section" of statutory scheme, or that "admit[] of congressionally authorized exceptions"); *id.* at 1247-48 (asserting that holding in *Bowles v. Russell*, 551 U.S. 205 (2007), did not stand for proposition that "all statutory conditions imposing a time limit should be considered jurisdictional" and instead finding "context" and prior Supreme Court interpretations "relevant to whether a statute ranks a requirement as jurisdictional" (footnote omitted)); *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 467-70 (2007) ("If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue." (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006)) (quotation marks omitted)); *Mitsubishi Elecs. Am., Inc. v. Unites States*, 44 F.3d 973, 978 (Fed. Cir. 1994) (finding that Court of International Trade retained jurisdiction but that two-year statute of limitations under § 2636(i) barred plaintiff's suit), *with Bowles*, 551 U.S. at 210-13 (analyzing statutory condition imposing time limit in the context of habeas corpus as jurisdictional, distinguishing *Arbaugh*); *Arctic Slope Native Ass'n, Ltd. v. Sebelius*, 583 F.3d 785, 792-93 (Fed. Cir. 2009) (citing *Stone Container Corp. v. United States*, 229 F.3d 1345, 1352 (Fed. Cir. 2000)) (tacitly stating that § 2636(i) provides a jurisdictional time bar); *SKF USA, Inc. v. U.S. Customs & Border Prot.*, 556 F.3d 1337, 1348 (Fed. Cir. 2009) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-35 (2008)) ("We assume, but do not decide, that the statute of limitations in § 2636(i) is jurisdictional."); *accord Parkdale Int'l, Ltd. v. United States*, 31 CIT 1229, 1237 n.6, 508 F. Supp. 2d 1338, 1349 n.6 (2007) ("The statute's reference to actions of which the court 'has jurisdiction' being barred does not clearly state a Congressional intent to treat this statute of limitations as jurisdictional.").  Defendant alternatively contends that § 2636(i) compels dismissal for failure to state a claim for which the court may grant relief.  Def.'s Mot. to Dismiss 9 n.1.  The court focuses on the second allegation alone in determining the stature of Plaintiff's suit.

facts needed to present a valid claim for relief.  USCIT R. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (noting plaintiff's obligation to provide "grounds of his entitlement to relief" and to offer factual allegations that raise "a right to relief above the speculative level." (citations, internal quotation marks & brackets omitted)); *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) ("[A] plaintiff must plead factual allegations that support a facially 'plausible' claim to relief . . . ." (citation omitted)).  To satisfy this burden and thereby present a facially plausible claim, the plaintiff must plead "factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556), and demonstrate that the claim accrued within the prescribed time limits, *see, e.g.*, *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 487-88 (1980) (describing policy behind statutes of limitations and stating that "Congress, unless it has spoken to the contrary, did not intend by the mere creation of a 'cause of action' or 'claim for relief' that any plaintiff filing a complaint would automatically prevail if only the necessary elements of the federal substantive claim for relief could be established"); *Hair v. United States*, 350 F.3d 1253, 1256 (Fed. Cir. 2003) ("It has been the common understanding that wrongs for which the law grants a remedy are subject to a requirement that, in fairness, the party wronged must pursue the remedy in a timely fashion." (footnote omitted)).

### III.  Discussion

**A.  The Statute of Limitations Bars Plaintiff's Suit**

Defendant articulates three grounds for the court to dismiss Ocean Duke's complaint as untimely.  First, Defendant contends that Plaintiff's challenge to the enhanced bonding requirements accrued in February 2005, when Customs first required Ocean Duke to obtain a new bond under the changed rules, and that any action against each subsequent bond determination accrued no later than February 5, 2008, the date upon which the last enhanced bond posted by Ocean Duke took effect.  Def.'s Mot. to Dismiss 9-13.  Noting that § 2636(i) requires a party to file a suit within two years after the cause of action first accrues, Defendant argues that all events necessary for Ocean Duke to state a claim passed long ago.  Def.'s Mot. to Dismiss 9-13.  Defendant also argues that Ocean Duke's six petitions cannot toll the statute of limitations.  Def.'s Mot. to Dismiss 11.  Finally, Defendant avers that relevant Federal Circuit precedent disposes of any notion that Ocean Duke possesses a continuing claim.  Def.'s Mot. to Dismiss 13-14.

Plaintiff rebuts Defendant's assertions initially by explaining that it does not challenge the five separate bond determinations, but instead contests Customs's decision not to apply the holdings in the *Nat'l Fisheries Inst.* litigation to its enhanced bonds.  Pl.'s Opp'n 10-12.  Ocean Duke argues that this decision, made on April 18, 2011, falls squarely within the time permitted to file suit.  Pl.'s Opp'n 10-12.  Plaintiff also explains that its action amounts to a continuing claim, given that Ocean Duke suffered a new injury when Customs refused to recalculate the

Court No. 11-00140                                                                                          Page 8

amount due under the subject bonds.  Pl.'s Opp'n 12-15.  Ocean Duke concludes its discussion on the subject by attempting to distinguish the authorities upon which Defendant relies.  Pl.'s Opp'n 15-16.

In Title 28 of the United States Code, Congress declared that for any civil action over which the Court has jurisdiction under § 1581(i), a plaintiff must commence the suit "within two years after the cause of action first accrues."  § 2636(i).  A seminal case from the Federal Circuit teaches that "[a] cause of action accrues when 'all events' necessary to state the claim, or fix the alleged liability of the Government, have occurred."  *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994) (citing *United States v. Commodities Exp. Co.*, 972 F.2d 1266, 1270 (Fed. Cir. 1992)).  In plain terms, the principle connotes that "a claim accrues when 'the aggrieved party reasonably should have known about the existence of the claim.'" *Id.* at 978 (quoting *St. Paul Fire & Marine Ins. Co. v. United States*, 959 F.2d 960, 964 (Fed. Cir. 1992)).

Ocean Duke filed an untimely claim.  In its complaint, Plaintiff identifies the operative events as culminating on the dates that Customs required the company to post the five bonds calculated under the enhanced bond requirements.  Compl. ¶¶ 37-39.  Those dates encompass the necessary facts giving rise to Ocean Duke's action, a point that seems clear given that Plaintiff spends the bulk of its complaint summarizing various actions taken or injuries suffered by the company as a result of the enhanced bonds, such as the need to provide additional collateral, secure added credit, forgo investment opportunities, and pay various bank charges.  Compl. ¶¶ 40-58.  Because Plaintiff started to accumulate injuries immediately after Customs required Ocean Duke to post the enhanced bonds, Plaintiff reasonably should have known about the

existence of the claim no later than the date each bond took effect, the last of which occurred in February 2008. *See Mitsubishi Elecs. Am., Inc.*, 44 F.3d at 978. As a result, Ocean Duke's claim accrued no later than February 2010, well before Plaintiff filed suit in May 2011. Therefore, the statute of limitations bars Ocean Duke's suit.

Plaintiff's attempt to distinguish its challenge as one against Customs's April 2011 decision constitutes a false distinction. Ocean Duke does not dispute that it seeks relief identical to that afforded the plaintiffs in *Nat'l Fisheries Inst.* Compl. ¶¶ 62-63. Plaintiff goes so far as to state that it faced "identical" circumstances. Admin. R. 111, 117 ("Ocean Duke's situation is identical in all material respects to that of the party plaintiffs in [*Nat'l Fisheries Inst.*]"). Nevertheless, those plaintiffs first sought a judicial remedy in December 2005, *Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, No. 05-00683 (CIT filed Dec. 21, 2005), while Ocean Duke did not do the same until May 2011. Ocean Duke does not articulate what, if anything, justified a delay in their quest for judicial relief. If Plaintiff found itself similarly situated to the importers in *Nat'l Fisheries Inst.*, then the statute of limitations expired long ago.

Plaintiff does not convince the court that it advances a continuing claim. Under the continuing claim theory, also referred to as the continuing violation doctrine, "each time a plaintiff is injured by an act of the defendant[] a cause of action accrues to him to recover damages caused by that act and . . . , as to those damages, the statute of limitations runs from the commission of the act." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971); *accord Pat Huval Rest. & Oyster Bar, Inc. v. United States*, 32 CIT ___, ___, 547 F. Supp. 2d 1352, 1360 (2008). For the doctrine to apply, "the plaintiff's claim must be inherently

susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456 (Fed. Cir. 1997). Importantly, the doctrine does not pertain to a claim "based upon a single distinct event, which may have continued ill effects later." *Id.* Ocean Duke suffers continued ill effects from five distinct events, i.e., the posting of the five subject bonds. Plaintiff does not allege that it incurred new, distinctly cognizable damages as a result of Customs's April 2011 decision, a claim that, if true, could pass muster under the continuing claim theory. Instead, Ocean Duke contends that it suffers continued harm flowing from the original determinations requiring bonds at the increased amounts. Compl. ¶¶ 64-67; Pl.'s Opp'n 13 (noting company "not relieved of its onerous (and now illegal) obligations" due to Customs's April 2011 decision). Thus, because Ocean Duke cannot point to a new injury inflicted as a result of Customs's April 2011 decision, *see Brown Park Estates-Fairfield Dev. Co.*, 127 F.3d at 1457, the court need not address the argument further.

Finally, Ocean Duke's several voluntary applications for reconsideration, the last of which Customs rejected on April 18, 2011, do not toll the statute of limitations. Plaintiff suggests that it could not pursue its claim until Customs acted upon the request to replace Plaintiff's bonds. Pl.'s Opp'n 12, 16. The Federal Circuit has instructed that "[a]n administrative proceeding does not toll the limitations period unless the proceeding is a mandatory prerequisite to filing suit." *Mitsubishi Elecs. Am., Inc.*, 44 F.3d at 978 (citations omitted). The Court similarly has recognized that "[a]lthough the type of claim that a party raises and the availability of administrative remedies may affect the accrual of the party's cause of

action under [§ 1581(i)], a party's decision to pursue 'permissive administrative remedies does not toll running of the statute of limitation[s] or delay accrual of the cause of action.'" *Mitsubishi Elecs. Am., Inc. v. United States*, 18 CIT 167, 179, 848 F. Supp. 193, 202 (1994) (citations, brackets & emphasis omitted). The Administrative Procedure Act does not require a party to file a request for reconsideration before filing suit against an agency, 5 U.S.C. § 702, and the opportunity for judicial review of the underlying bond determinations existed prior to Customs's last decision on Ocean Duke's voluntary filings. Moreover, in a case where "the facts and proceedings necessary to judicial review were in place long before" the last agency decision on a voluntary petition and the "government did nothing to prevent the filing of a complaint," the Court has determined that to toll the statutory time period "would defeat the purpose of the statute of limitations, that is, prompt resolution of these matters." *Pope Prods. v. United States*, 15 CIT 484, 487 (1991) (not reported in F. Supp.). The court declines to rule differently in the present action.

## IV.  Conclusion

While the court sympathizes with Plaintiff's financial plight caused by the amount due under the enhanced bonds, that sentiment alone cannot circumvent the statutory time bar which prevents judicial resolution of the case. Therefore, for the reasons stated, the court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED** for Plaintiff's failure to state a claim for which the court may grant relief; and further

**ORDERS** that Plaintiff's motion for summary judgment is **DENIED** as moot.

Dated:      July 18, 2011                                                                   /s/ Judith M. Barzilay
            New York, NY                                                                   Judith M. Barzilay, Senior Judge

Slip Op. 11-85

## UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------x
                                                       :
OCEAN DUKE CORPORATION,                                :
                                                       :
         Plaintiff,                                    :
                                                       :
              v.                                       :    Before:  Judith M. Barzilay, Senior Judge
                                                       :    Court No. 11-00140
UNITED STATES,                                         :
                                                       :
         Defendant.                                    :
                                                       :
-------------------------------------------------------x
```

## **JUDGMENT**

In view of the court's opinion in this case on July 18, 2011, Defendant's Motion to Dismiss, Plaintiff's Response in Opposition, and all other papers filed in this matter, the court hereby **DISMISSES** Plaintiff's untimely suit against Defendant.

Dated:   July 18, 2011                                          /s/ Judith M. Barzilay
              New York, NY                                     Judith M. Barzilay, Senior Judge